| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**EASTERN DISTRICT OF NEW YORK** | Hearing Date: October 10, 2018<br>Hearing Time: 3:30 pm |

-------------------------------------------------------------X

In re:

        A B A HOLDING LLC

                                Debtor.

                                Chapter 11
                                Case No.: 18-40282-cec

-------------------------------------------------------------X

## NOTICE OF DEBTOR'S MOTION FOR AN ORDER APPROVING PRIVATE SALE OF THE DEBTOR'S RESIDENTIAL REAL PROPERTY

      PLEASE TAKE NOTICE that, upon the application (the "Application") of A B A Holding LLC. (the "Debtor"), by its attorneys, John Lehr, P.C., the Debtor shall move before the Honorable Carla E. Craig, United States Bankruptcy Judge, at the United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Courtroom 3529, Brooklyn, NY 11201-1800, on the **10th day of October 2018, at 3:30 p.m.**, or as soon thereafter as counsel may be heard, for an order, pursuant to 11 U.S.C. §§ 363 and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, for an Order approving the private sale of the Debtor's residential property located at 1615 Dorchester Road, Brooklyn, New York 11226 and known on the Kings County Tax Map as Block 5159, Lot 36, for a sale price of One Million Three Hundred Sixty Five Thousand ($1,365,000.00) Dollars, and related relief and for such other and further relief as the Court deems just and proper.

      PLEASE TAKE FURTHER NOTICE that responding papers shall be filed and served upon Debtors' counsel John Lehr, P.C., Attention: John Lehr, Esq., 1979 Marcus Avenue Suite 210, New Hyde Park, New York 11042, with a copy to the Chambers of the Honorable Carla E. Craig, United States Bankruptcy Judge, at the United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201-1800, so as to be received by all foregoing parties not later than 4:00 p.m. Eastern Standard Time on October 3, 2018.

Dated: New Hyde Park, New York
       September 12, 2018                       JOHN LEHR, P.C.
                                                  Attorneys for the Debtor

                                                  By: s/ John Lehr
                                                      John Lehr, Esq.
                                                       1979 Marcus Avenue, Suite 210
                                                       New Hyde Park, New York 11042
                                                       (516) 200-3523

**UNITED STATES BANKRUPTCY COURT**  **Hearing Date: October 10, 2018**
**EASTERN DISTRICT OF NEW YORK**  **Hearing Time: 3:30 pm**
------------------------------------------------------------X
In re:

        A B A HOLDING LLC

                     Chapter 11
                     Case No.: 18-40282-cec

        Debtor.

------------------------------------------------------------X

## MOTION TO APPROVE PRIVATE SALE OF PROPERTY

A B A Holding LLC, the Debtor herein, by its attorneys, John Lehr, P.C., respectfully alleges as follows:

### PRELIMINARY STATEMENT

This is a motion under 11 U.S.C. §§ 363(b) to approve a sale of property (the "Sale Motion") pursuant to a contract of sale dated September 6, 2018 (the "Contract of Sale") entered into by the Debtor (the seller) and Laura Morrison and Daniel Lichtman (the "Purchasers") for a property located at 1615 Dorchester Road, Brooklyn, New York 11226 and known on the Kings County Tax Map as Block 5159, Lot 36 (the "Property"). The sale price is approximately One Million Three Hundred Sixty Five Thousand ($1,365,000.00) Dollars (the "Sale Price"). A copy of the Contract of Sale is annexed hereto as **Exhibit A**. The Property is a Two-Family residential property. The Debtor believes that is in the best interests of the estate to sell the Property to the Purchaser as the proceeds of the anticipated sale will be sufficient to pay all claims of the estate.

### JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.     This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M) and (N).

2.     Venue of this case is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief sought herein are sections 363(b), (f), and (m) of Title 11 of the United States Code (the "Bankruptcy Code") and rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.  On January 18, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Thereafter, the Debtor filed a motion to convert the case to one under Chapter 11, which was granted by the Court by Order dated March 9, 2018.

5.  The Debtor remains in possession of its assets and continues to manage its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.  On the February 28, 2018, the Debtor filed its bankruptcy schedules and statement of financial affairs [Docket No 17]. The Debtor's bankruptcy schedules are referred to herein as the "Schedules."

7.  On or about March 22, 2006, the Debtor's principal, Arasb Shoughi acquired fee simple title to the Property for $740,000.00. The Property was paid for by the Debtor with cash and a first and second mortgage from MERS totaling $703,000.00. Thereafter in 2007 the first mortgage was assigned to HSBC Bank USA NA. Later in 2007 the Debtor's principal transferred the deed to the Property to the Debtor. In April 2018 MERS filed a release of the second mortgage.

8.  Since acquiring the Property, the Debtor and the Debtor's principals have kept the Property in rentable condition and have dealt with many different tenants, both good and bad.

9.  On or about May 9, 2018 the Debtor employed LG Fairmont (the "Broker") as real estate broker to list the property and find prospective purchasers. By Court Order dated June 7, 2018 [Docket No. 37] the retention of LG Fairmont was approved.

10. Since the Broker's retention, the Property has been aggressively shown by the Broker to as many prospective purchasers as possible, been listed in numerous places, and numerous open houses have been held to find the best possible offer for the Property.

**The Property and Proposed Sale**

11. As disclosed in the Debtor's schedules, the Property is owned wholly by the Debtor. A copy of the deed is annexed hereto as **Exhibit B**.

12. The estate's primary asset is the Debtor's interest in the Property, a two-family residential property.

13. As of June, 2018 the Property has been vacant, leaving the Property open for prospective purchaser to inspect without interference.

**The Terms of Sale**

14. The Debtor entered into a contract of sale with Purchasers on September 6, 2018. The purchase price is One Million Three Hundred Sixty Five Thousand ($1,365,000.00) Dollars. The contract of sale contains no financing contingency, i.e. this is a cash deal. Upon entry of an Order approving the sale the Debtor and the Purchasers expect to close immediately. The Debtor's attorney is currently holding a down payment in the amount of $136,500.00 in escrow. The Property is being provided as is with a credit in the amount of $756.68 being provided to Purchasers for the heating

system and an assurance that the Property will be in the same condition at the time of closing that it was in at the time of inspection.

15. It is respectfully submitted that given that the Property has been listed for over three months and marketed aggressively, the purchase price contained in the contract of sale is the best possible price that can be obtained in the current market. Moreover, it is expected that the contemplated sale will be the quickest and most cost-effective way to sell the Property and to pay all allowed claims in this case.

16. Notwithstanding the foregoing, in the event the Purchaser is unwilling unable to complete the sale, the Debtor is prepared and reserves its rights to retain the down-payment from Purchaser and to proceed to sell the Property at public auction to the bidder with the highest and best offer.

**Liens and Claims**

17. The deadline to file all proofs of claim in this case passed July 17, 2018.

18. The following parties have asserted secured claims against the Property:

| Claimant | Amount |
|---|---|
| HSBC: | $1,210,000.00[1] |
| NYC DOF: | $      527.24 |
| OATH: | $    3,665.76[2] |
| Additional R/E Taxes | $   10,000.00 |
| TOTAL | $ 1,224,193.00 |

---

[1] HSBC filed its first mortgage claim in the amount of $1,186,456.15 (due as of January 18, 2018). Since then the Debtor has received a payoff in the amount of $1,194,625.70 due as of April 25, 2018. Since the Filing date the Debtor has made $9,000.00 in payments. Accordingly, estimating interest of $3,000.00 per month and taking into account the payments, the Debtor will likely owe not more than $1,210,000.00 to HSBC by the projected closing date of October 22, 2018.

[2] This number is including of interest at 9%.

## **RELIEF REQUESTED AND BASIS FOR RELIEF REQUESTED**

19.     By this Sale Motion, the Debtor requests authority, pursuant to section 363 of the Bankruptcy Code, to sell the estate's interest in the Property, free and clear of all Liens, pursuant to the Contract of Sale.

### A.     The Private Sale of the Property Should be Approved

20.     Section 363(b) of the Bankruptcy Code provides that "[t]he trustee [or Debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Although section 363 does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, the United States Court of Appeals for the Second Circuit, in applying this section, has required that it be based upon sound business judgment. See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 466 (2d Cir. 2007) (quoting Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983)); Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.), 973 F.2d 141, 145 (2d Cir. 1993); Parker v. Motors Liquidation Co. (In re Motors Liquidation Co.), 430 B.R. 65, 83 (S.D.N.Y. 2010) ("The overriding consideration for approval of a Section 363 sale is whether a 'good business reason' has been articulated." (citations omitted)).

21.     In addition to requiring sound business reasons to approve a sale pursuant to section 363(b) of the Bankruptcy Code, many courts have required a showing that the price to be obtained for assets be fair and reasonable; that the sale to the proposed purchaser was negotiated in good faith;

and that it does not unfairly benefit insiders, the purchaser, or a certain creditor or class of creditors. See, e.g., In re Channel One Communications, 117 B.R. at 494-97; In re Indus. Valley Refrig. & Air Cond. Supplies, Inc., 77 B.R. 15 (Bankr. E.D. Pa. 1987).

22.  The sale is to a non-insider third party and the Contract of Sale was negotiated by and between parties who were each represented by their own brokers and counsel. No one is unfairly benefitted by the contemplated transaction.

23.  Under Bankruptcy Rule 6004(f)(1), "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." FED. R. BANKR. P. 6004(f)(1). Here, the Debtor is exercising sound business judgment by selling the Property at the proposed private sale because the Debtor believes that it has received the highest and best offer already and because the sale as proposed benefits all interested parties of the estate.

24.  For these reasons the Debtor respectfully requests that the Debtor be authorized to proceed with the private sale.

### B. The Property Should be Sold Free and Clear of Liens

25.  The Debtor seeks approval of the sale of the Property free and clear of all liens and for authority to satisfy certain liens at the closing.

26.  Property may be sold outside the ordinary course of business under section 363(b) of the Bankruptcy Code, free and clear of all liens, claims and encumbrances under Bankruptcy Code section 363(f), only if:

> 1. applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>
> 2. such entity consents;
>
> 3. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

        4. such interest is in bona fide dispute; or

        5. such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

27. Accordingly, a Debtor may sell property of a bankruptcy estate outside the ordinary course of business if one of the five conditions under Bankruptcy Code § 363(f) is satisfied. See In re Grubb & Ellis Co., Case No. 12-10685 (MG), 2012 Bankr. LEXIS 1279, at *31 (Bankr. S.D.N.Y. Mar. 27, 2012) (discussing Bankruptcy Code § 363(f)); In re Borders Group, Inc., 453 B.R. 477, 483–84 (Bankr. S.D.N.Y. 2011) (discussing Bankruptcy Code § 363(f)).

28. Here, the Debtor believes that the sale price of the Property exceeds any liens against the Property and any claims against the estate by non-insiders. The Debtor intends to satisfy the mortgage and any outstanding real estate taxes, utilities, violations and similar charges from the sale proceeds at closing. To the extent there are any other liens, the Debtor seeks to sell the Property free and clear of such liens. The Debtor will provide all potential holders of liens with notice of this Sale Motion and they will have an opportunity to object to the relief requested in this Sale Motion. Any entity that does not object to the Sale Motion shall be deemed to have consented. See, e.g., Futuresource LLC v. Reuters, Ltd., 312 F.3d 281, 285-86 (7th Cir. 2002) (standing for the proposition that the lack of an objection to a proposed sale of assets counts as consent); Hargrave v. Township of Pemberton (In re Tabone, Inc.), 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (failure to object to sale free and clear of liens, claims and encumbrances satisfies section 363(f)(2)); In re Elliot, 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988) (citing In re Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985)); see also In re Enron Corp., 2003 WL 21755006 at *2 (AJG) (Bankr. S.D.N.Y. 2003) (order deeming all parties who did not object to proposed sale to have consented under section 363(f)(2)).

Therefore, if a party holding a Lien on the Property who received notice fails to object to the sale, the Debtor's sale of the Property free and clear of all liens satisfies section 363(f)(2) of the Bankruptcy Code.

**C. The Purchasers Shall Be Entitled To 363(m) Protection**

29.     Section 363(m) of the Bankruptcy Code protects good faith purchasers at sales conducted under section 363(b) by providing that:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

30.     Although the Bankruptcy Code does not define good faith, the United States Court of Appeals for the Second Circuit has provided the following definition of good faith in the context of sales under section 363 of the Bankruptcy Code:

> Good faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings; where there is a lack of such integrity, a good faith finding may not be made. A purchaser's good faith is lost by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders. . . . As just defined, the good-faith analysis is focused on the purchaser's conduct in the course of the bankruptcy proceedings.

Licensing by Paolo v. Sinatra (In re Gucci), 126 F.3d 380, 390 (2d Cir. 1997) (quotations and citations omitted); see In re Motors Liquidation, 430 B.R. at 78 (relying on Gucci definition of good faith in this context).

31. The Debtor submits that the sale to the Purchaser is an arm's length transaction and that the Purchaser is a good faith purchaser of the Property.

32. Accordingly, the Debtor respectfully requests that the Purchaser be afforded the protections under section 363(m) of the Bankruptcy Code.

**D. Waiver of Stay**

33. Under Bankruptcy Rule 6004(h), orders authorizing the sale of a debtor's assets under section 363(b) of the Bankruptcy Code are "stayed until the expiration of 14 days after entry of the order" authorizing such sale. FED. R. BANKR. P. 6004(h). Bankruptcy Rule 6006(d) similarly provides that orders authorizing the assignment of an unexpired lease under section 365(f) of the Bankruptcy Code are stayed for 14 days, unless the court orders otherwise. FED. R. BANKR. P. 6006(d).

34. A waiver of the stay requirement under Bankruptcy Rule 6004(h) will relieve the Debtor's estate of any financial burdens associated with the Property and reduce the expenditure of additional funds to maintain the Property. Additionally, such a stay could further delay the date that a new owner can take possession and control of the Property and thus could chill the sale. Conversely, the waiver of the stay will allow for a smoother transition for the new owner and unburden the Debtor and the estate from any obligations arising from the Property. Moreover, the longer the delay between approval of this motion and closing will only result in higher expenses to the estate.

35. For these reasons, the Debtor respectfully requests that the Court waive the requirement under Bankruptcy Rule 6004(h).

**E. Notice**

36. Bankruptcy Rule 2002(a) requires that notice of motions under Bankruptcy Code section 363(b) be given to "the debtor, the trustee, all creditors and indenture trustees . . . ." FED. R. BANKR. P. 2002(a). Accordingly, this Sale Motion shall be served on the following parties: (a) all known holders of liens against the Property; (b) all known holders of judgments against the Debtor; (c) the Purchasers' attorney (d) the Debtor's creditors; (g) all government agencies and taxing authorities required to receive notice of proceedings under the Bankruptcy Rules; (h) all parties that have filed a notice of appearance in the Debtor's case.

37. It is respectfully requested that the Court enter an Order substantially similar to the Order annexed hereto as **Exhibit C**.

38. No prior application for the within relief has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests an order pursuant to 11 U.S.C. §363(b) allowing the Debtor to sell the Property to the Purchaser and to pay all costs of closing, and for such other and further relief as this Court deems just and proper.

Dated: New Hyde Park, New York
       September 12, 2018

                                        JOHN LEHR, P.C.
                                        Attorneys for the Debtor

                                        By: s/ John Lehr
                                              John Lehr, Esq.
                                              1979 Marcus Avenue, Suite 210
                                              New Hyde Park, New York 11042
                                              (516) 200-3523